IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for R-G PREMIER BANK OF PUERTO RICO<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO ACOSTA-RODRÍGUEZ, et al.;<br><br>Defendants. | CIVIL NO. 13-1173 (PAD) |

**OPINION AND ORDER**

This is an action for collection of monies due on a mortgage deed guaranteeing a $1,425,000.00 note. Before the Court are the "Federal Deposit Insurance Corporation as Receiver for R-G Premier Bank's Motion for Summary Judgment" (Docket No. 29), and defendants' "Opposition to Motion for Summary Judgment" (Docket No. 33). For the reasons that follow, the FDIC's motion is GRANTED.

**I.    BACKGROUND**

Ernesto Acosta-Rodríguez, his wife Brenda Haydee Muñiz-Franqui, and the conjugal partnership between them received a loan from Beneficial Mortgage Corporation in the principal amount of $1,425,000.00. They guaranteed payment with a first mortgage recorded at the Registry of the Property of Puerto Rico encumbering seventeen (17) individual real properties in Coamo, Puerto Rico.

R-G Premier Bank acquired title to the loan, which passed on the FDIC when the Office of the Commissioner of Financial Institutions of Puerto Rico closed R-G and appointed the FDIC as R-G's receiver. Because defendants defaulted on the loan, on March 1, 2013, the FDIC initiated

this action, and on January 30, 2014, moved for summary judgment (Docket No. 29). On March 20, 2014, defendants opposed the FDIC's request (Docket No. 33).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment may be entered if the record shows no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party. It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows. Based on those facts, the FDIC is entitled to judgment as a matter of law.

## III.   FACTUAL FINDINGS

1. On February 27, 2007, the defendants obtained a loan in the principal amount of $1,425,000.00 from Beneficial Mortgage. FDIC's "Statement of Uncontested Facts in Support of Motion for Summary Judgment" ("SUMF") at ¶ 1.

2. The Note subscribed by the defendants included interest at a yearly rate of 8.75%, charged on the unpaid principal balance until the full amount of principal has been paid. It included a late charge for overdue payments in the amount of 5% of the amount overdue. SUMF at ¶ 2.

3. The Note entitled the Note Holder to collect the costs and expenses to enforce the Note (including, but not limited to, attorneys' fees), fixed at the agreed and liquidated amount of 10% of the original principal amount. SUMF at ¶ 3.

4. On October 10, 2009, R-G acquired ownership of the loan from Beneficial by way of an endorsement by Beneficial and transfer of the original Note to R-G. SUMF at ¶ 4.

5. The Note is guaranteed by a First Mortgage constituted through Deed Number 6, executed before notary public Maria Soledad Jiménez Melendez on February 27, 2007. SUMF at ¶ 5.

6. On April 9, 2007 the Mortgage Deed was presented at the Registry of Property of Puerto Rico. It was duly recorded on December 27, 2010. SUMF at ¶ 6.

7. The Mortgage Deed encumbers seventeen (17) real properties, described in Exhibit 1 of this Opinion and Order. SUMF at ¶ 7.

8. On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and appointed the FDIC as receiver. The FDIC succeeded to all rights, titles, powers and privileges of R-G, and is now the holder of the note and the loan. SUMF at ¶ 9.

9. The loan matured on March 1st, 2012, without repayment of principal or accrued interest. Defendants' debt is due, liquid, and payable. SUMF at ¶ 8.

10. Pursuant to the note, defendants owe the FDIC the unpaid principal sum of $1,401,622.67 as of January 30, 2014, plus accrued interest in the sum of $531,560.60, in addition to a late charge in the amount of $96,960.10, tax escrows due of $1,857.66, fees of $11,475.00 for appraisals, title searches and other expenses and $142,500.00 for legal expenses, costs, and fees. SUMF at ¶¶10 and 12.

## IV. DISCUSSION

### a. FDIC'S Right to Collect

Obligations arising from contracts have legal force, and must be fulfilled in accordance with their terms. Article 1044 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 2994. On February 27, 2007, defendants obtained a loan in the principal amount of $1,425,000.00 from Beneficial with a maturity date of March 1, 2012. R-G acquired title to the loan, thus becoming

the new creditor. The Office of the Commissioner of Financial Institutions closed R-G and appointed the FDIC as receiver. Pursuant to 12 U.S.C. § 1821(d)(2)(A)(I), the FDIC succeeded R-G as to all rights, titles, powers, and privileges, and it is now the owner and holder of the note and loan. Because the loan is in arrears, the FDIC is entitled to collect the amount owed, and to foreclose on the note.

### b. Defendant's Defenses

First, defendants contend the FDIC cannot collect the full debt because R-G only disbursed $1,186,289.45 instead of $1,425,000.00. In their view, R-G breached specific duties imposed by Section 9-504 of the Puerto Rico Commercial Transactions Act, P.R. Laws Ann. tit. 19 § 2204 by acquiring title at a "deep discount." (Docket No. 33 at p. 4). Section 9-504 provides that a "secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing." Id. It states nothing about acquiring notes at discount, nor classify discount sales as commercially unreasonable.

Second, defendants allege that a Pledge and Security Agreement dated September 28, 2006, prevented R-G, and now prevents the FDIC from recovering more than they paid for the note. (Docket No. 33 at pp. 5-6).[1] The loan was made in February 2007, not on September 28, 2006. Its terms do not condition or limit the note holder's right to collect when the note has been acquired at discount. Nowhere does it make discount purchases suspect or illegal. Consequently, that R-G

---

[1] The Agreement states that "[u]pon the occurrence and during the continuance of an Event of Default, then … the Bank may … forthwith collect, receive, appropriate and realize upon the Collateral, or any part thereof, and/or may forthwith sell, lease, assign, give option or options to purchase, or sell to otherwise dispose of and deliver the Collateral (or contract to do so), or any part thereof, in one or more parcels at public or private sale or sales …. for cash, on credit or for future delivery, at such time or times and at such price or prices or upon such other terms as the industry may deem commercially reasonable, irrespective of the impact of any such sales on the market price of the Collateral all in accordance with the provisions of Section 9-503 and 9-504 of the Code…" (Docket No. 33 at pp. 5-6).

may have acquired the note at discount does not excuse defendants from paying the amount claimed.

Third, defendants point out that unless the FDIC is limited to recover the amount actually disbursed by R-G, it would be unjustly enriched (Docket No. 33 at p. 6). Unjust enrichment involves (1) occurrence of enrichment; (2) a correlative loss (impoverishment): (3) a nexus between the enrichment and the loss; (4) lack of cause for the enrichment; and (5) absence of a legal precept excluding application of enrichment without cause. Puerto Rico Telephone Co. v. SprintCom, 662 F. 3d 74, 97 (1st Cir. 2011). The defense does not apply where a contract governs the relationship between the parties. Westernbank v. Kachkar, 2009 WL 6337949, at *29 (D.P.R. 2007). Given that collection and foreclosure derive from the contract that defendants signed, they cannot invoke the doctrine of unjust enrichment to avoid paying the amount that they owe. Garriga, Hijo, Inc. v. Cond. Marbella, 143 D.P.R. 927, 934 (1997)(finding that because a contract existed, unjust enrichment did not apply to the dispute).

Fourth, defendants argue that the loan the FDIC seeks to collect settled as part of another case. R-G acquired title to four (4) additional loans extended by Beneficial Mortgage to Ernesto Acosta Rodríguez, his wife Brenda Haydee Muñiz-Franqui, their conjugal partnership, as well as other related parties, and filed separate complaints in the Commonwealth Court of First Instance to collect and foreclose on the loans. Upon its appointment as receiver, the FDIC removed the cases to this Court.[2]

The cases were consolidated under Civil No. 10-1827 and subsequently disposed of by way of a Settlement Agreement and Release (the "Agreement") (Docket No. 19, Exh. 1). Defendants

---

[2] See, Civil Nos. 10-1827, 10-1828, 10-1829, and 10-1830.

allege the claim brought by the FDIC in the present case was released and discharged under the terms of that Agreement, and as such is precluded by *res judicata* (Docket No. 33 at pp. 6-11).

Article 1204 of the Puerto Rico Civil Code provides in part that, "[i]n order that the presumption of res adjudicata [sic.] be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such." P.R. Laws Ann. tit. 31 § 3343. There is no identity between causes and things justifying application of *res judicata*. The loan at issue was not made part of the prior litigation, and was not included in the Agreement.

By its terms, the Agreement covers loans made by R-G to the defendants from 2002 to 2006. (Docket No. 19, Exh. 1 at p. 1).[3] The loan here was made on February 27, 2007. The amounts of the loans incorporated in the Agreement correspond exclusively to the loans in Civil Nos. 10-1827, 10-1828, 10-1828, and 10-1830. Id. The Agreement provides "[t]he parties do not release any claims or causes of action not specifically set forth in the litigation." Id. at p. 4. None of the judgments identified mention this loan. It is apparent the loan was excluded from the

---

[3] Civil No. 10-1827 included three (3) loans for $5,000,000.00, $578,000.00, and $453,000.00 respectively, secured by mortgages encumbering properties located in three (3) different municipalities, namely, San Juan, Carolina, and Fajardo;

Civil No. 10-1828 included a loan in the principal amount of $5,700,000.00, and was secured by a mortgage that encumbered three (3) parcels located in Vega Baja;

Civil No. 10-1829 included a loan in the principal amount of $12,500.00, and was secured by a mortgage that encumbered property located in Guayama.

Civil No. 10-1830 included a loan in the principal amount of $300,000.00, and was secured by a mortgage that encumbered property located in Caguas.

settlement reached by the parties in the other cases. Therefore, *res judicata* does not apply to excuse defendants from paying the amount owed.

## V.    CONCLUSION

Beneficial made a loan to defendants, disbursing the full amount of the loan to them. R-G acquired ownership of the loan, becoming the new creditor. By becoming the new creditor, it was entitled to collect the debt previously owed to Beneficial. For the same reason, FDIC is entitled to collect and foreclose.

That R-G purchased the note at discount makes no difference. There is no evidence the transaction resulted in an increase in the debt to be paid by the defendants to their prejudice. The difference between the amount defendants received and the amount R-G paid for the note is not a deficiency for which defendants are to be made whole, for they received the money they now owe. Defendants have not pointed to statutes, regulations, or case law specifically supporting the proposition that the discount purchase voided the creditor's right to collect the amount claimed, excusing them from paying the amount demanded as called for in the document they signed and upon which this action is based. Their remaining defenses do not lead to a different result.

In light of the foregoing, the "Federal Deposit Insurance Corporation as Receiver for R-G Premier Bank's Motion for Summary Judgment" (Docket No. 29) is GRANTED. The defendants are hereby ordered to pay the principal sum of $1,401,622.67 plus, the applicable accrued interest, as well as a late charge in the amount of $96,960.10, and tax escrows due of $1,857.66 and $11,475.00. In addition, the defendants are ordered to pay $142,500.00 for legal expenses, costs, and fees. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of June, 2014.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
United States District Judge
